Filed 9/30/21  P. v. Mendivil CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEREMY ANTHONY MENDIVIL,<br><br>Defendant and Appellant. | C091561<br><br>(Super. Ct. No. 11F00055) |

Defendant Jeremy Anthony Mendivil appeals the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1170.95, arguing the trial court erred when it found his voluntary manslaughter conviction ineligible for relief under the statute.  We will affirm the order.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2014, the prosecution charged defendant and his codefendant with murder (§ 187, subd. (a)), and alleged defendant was armed with a firearm (§ 12022, subd. (a)(1)). The information alleged the codefendant personally discharged the firearm and caused the victim's death. (§ 12022.53, subd. (d).)

Defendant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted he was a principal in an offense in which another principal was armed, in exchange for a stipulated sentence of 12 years. Consistent with the agreement, the trial court sentenced defendant to a term of 12 years in state prison.

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court appointed counsel for defendant and received briefing from both parties. The trial court denied the petition in a written order, explaining that because defendant had been convicted of voluntary manslaughter, he "fails to make the threshold prima facie showing he is eligible for resentencing under section 1170.[9]5."

DISCUSSION

I

*Section 1170.95 and Voluntary Manslaughter*

Defendant argues the language in section 1170.95 compels the conclusion that "section 1170.95 applies to defendants who pled to manslaughter in lieu of trial for murder." While acknowledging that all current published case law has agreed section 1170.95 does not apply to voluntary manslaughter convictions, defendant urges us to adopt a contrary view. We decline the invitation.

" 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Flores* (2020) 44 Cal.App.5th 985, 992 (*Flores*).)

2

"[S]ection 1170.95 authorizes only a person who was 'convicted of felony *murder* or *murder* under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated . . . .' (*Id.*, subd. (a), italics added.) If the petitioner makes a prima facie showing that he or she is entitled to relief, the sentencing court must 'hold a hearing to determine whether to vacate the *murder* conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . .' (*Id.*, subd. (d)(1), italics added.) In lieu of a resentencing hearing, the parties may stipulate that 'the petitioner is eligible to have his or her *murder* conviction vacated' and to be resentenced. (*Id.*, subd. (d)(2), italics added.)" (*Flores, supra*, 44 Cal.App.5th at p. 993.) "Through its repeated and exclusive references to murder, the plain language of section 1170.95 limits relief only to qualifying persons who were convicted of murder." (*Ibid.*; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*) ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"].)

"Section 1170.95 does not mention, and thus does not provide relief to, persons convicted of manslaughter, which, 'while a lesser included offense of murder, is clearly a separate offense . . . .' [Citation.] Had the Legislature intended to make section 1170.95 available to defendants convicted of manslaughter, it easily could have done so." (*Flores, supra*, 44 Cal.App.5th at p. 993; see *Cervantes, supra*, 44 Cal.App.5th at p. 887 ["[t]here is no reference [in section 1170.95] to the crime of voluntary manslaughter"].)

Defendant contends that "the ordinary and commonsense meaning of" section 1170.95, subdivision (a)(2), "indicate[s] that those who pled to any offense in lieu of trial on charges that could have resulted in a murder conviction qualify for relief under the statute." The provision, which states one of the three threshold (and conjunctive) conditions that a successful petitioner must satisfy, reads: "The petitioner was convicted of first degree or second degree murder following a trial *or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree*

3

*murder.*" (§ 1170.95, subd. (a)(2), italics added.) But this argument "places outsized importance on a single clause to the exclusion of the provision's other language . . . . [T]he remaining portions of section 1170.95 repeatedly and exclusively refer to murder, not manslaughter." (*Flores, supra*, 44 Cal.App.5th at p. 995.)

Defendant continues by asserting there is an ambiguity in the statute, in that section 1170.95, subdivision (a) appears to apply only to those convicted of murder, while the language of section 1170.95, subdivision (a)(2) is broader because it includes those who accepted a plea offer in lieu of trial, "without limiting the type of conviction." We find the reasoning of *People v. Sanchez* (2020) 48 Cal.App.5th 914 persuasive on this point. "Specifying that section 1170.95 applies to murder convictions both by trial and by guilty plea clarifies that it does not matter how the murder conviction was obtained for section 1170.95 to apply. Regardless of whether that clarification was necessary, ' "the Legislature may choose to state all applicable legal principles in a statute rather than leave some to even a predictable judicial decision." ' [Citation.] Express statutory language defining the class of defendants to whom section 1170.95 applies is not surplusage. [Citation.] Such clarification 'may eliminate potential confusion and avoid the need to research extraneous legal sources to understand the statute's full meaning.' " (*Id.* at p. 919.)

Even assuming section 1170.95, subdivision (a)(2) is ambiguous, we agree with *People v. Turner* (2020) 45 Cal.App.5th 428, that the legislative history of Senate Bill No. 1437 (2017-2018 Reg. Sess.) reflects that the Legislature wanted to provide relief only to those who were convicted of felony murder or murder on a natural and probable consequences theory. (*Turner*, at pp. 436-438.)

Nor, contrary to defendant's claim, does such an interpretation lead to absurd results or contravene legislative intent. "The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions."

4

(*Cervantes, supra*, 44 Cal.App.5th at p. 889, fn. omitted; see *Flores, supra*, 44 Cal.App.5th at pp. 996-997 [rejecting the contention that an interpretation "limit[ing] [section 1170.95's] ameliorative benefits only to defendants convicted of murder" would be absurd, because of judicial economy concerns, and because the Legislature could have reasonably concluded reform in murder cases was more crucial].)

Defendant maintains this interpretation is absurd because it would lead to harsher sentences for less culpable defendants. "Only the most culpable defendants," those that pleaded to murder, "would benefit from" section 1170.95, defendant argues, because only they would be eligible to have their convictions vacated or reduced. Thus, the less culpable defendants--those who were given the option of pleading to voluntary manslaughter--could end up serving more time because they would not be eligible to have their convictions vacated or reduced.

But section 1170.95 precludes relief for "the most culpable defendants." A successful section 1170.95 petitioner must demonstrate the defendant "could not be convicted of . . . murder because of changes to [s]ection 188 or 189 made effective" by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) A defendant who is the "actual killer" (§ 189, subd. (e)(1)), who with intent to kill assisted the actual killer (§ 189, subd. (e)(2)), or who "was a major participant in the underlying felony and acted with reckless indifference to human life" (§ 189, subd. (e)(3)) is not eligible for relief. Thus, *neither* of the two individuals in defendant's hypothetical would be entitled to relief if they were both major participants in an underlying felony and acted with reckless indifference to human life. And the individual who accepted a voluntary manslaughter plea would be punished less harshly because the punishment for manslaughter is less than that for first or second degree murder, and the determinate sentencing ranges permit changes in punishment according to a defendant's culpability. (§§ 190, 193.)

Because the plain language of section 1170.95 is clear, and does not lead to an absurd result, we will follow its plain meaning and conclude that convictions for

voluntary manslaughter are ineligible for section 1170.95 relief.  In doing so, we agree with the other courts of appeal that have considered the question and concluded similarly. (*People v. Sanchez, supra*, 48 Cal.App.5th at p. 916 [charged with first degree murder with a gang enhancement, pled guilty to voluntary manslaughter and admitted enhancement]; *People v. Turner, supra*, 45 Cal.App.5th at pp. 431-432 [charged with first degree murder and firearm and gang enhancements, pled guilty to voluntary manslaughter and admitted firearm enhancement]; *Flores, supra*, 44 Cal.App.5th at pp. 989-990 [charged with murder with robbery and gang enhancements, pled guilty to voluntary manslaughter and admitted enhancements]; *Cervantes, supra*, 44 Cal.App.5th at p. 887 [charged with murder, pled no contest to voluntary manslaughter].)

II

*Equal Protection Claim*

Defendant argues it is a violation of due process and equal protection principles to exclude defendants with voluntary manslaughter convictions from section 1170.95 relief. Such exclusions, defendant argues, are unfair because there is no rational basis for treating defendants who plead to voluntary manslaughter "in lieu of trial for murder" less favorably than defendants who plead to murder.  We disagree.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]  This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 (*Cooley*).)

6

Because defendant was convicted of voluntary manslaughter, a different crime from murder that carries a different punishment, he is not similarly situated to those convicted of murder. (See *Cervantes, supra*, 44 Cal.App.5th at p. 888 [rejecting an equal protection challenge to section 1170.95 by an offender convicted of voluntary manslaughter].) Thus, defendant's equal protection challenge fails at the first step.[2]

Defendant's contention that the relevant similarity is that he and some murder defendants who might be eligible for section 1170.95 relief were both "charged with murder under the natural and probable consequences doctrine" and "entered a plea before the change in law" ignores *Cooley*'s guidance that, when considering an equal protection challenge, the relevant inquiry is whether the claimant is similarly situated *for purposes of the law challenged*. (*Cooley, supra*, 29 Cal.4th at p. 253.) Here, as explained above, defendant is not similarly situated to those convicted of murder, because section 1170.95's objective is not to provide relief to those *charged* with murder under a relevant theory, but to provide relief to a subset of those *convicted* of murder.

---

**2** Defendant has not developed a due process claim that is distinct from his equal protection claim. Accordingly, we do not conduct a separate due process inquiry. (See *People v. Guzman* (2019) 8 Cal.5th 673, 683, fn. 7 [declining to consider due process claim that was only mentioned "in passing" in conjunction with the defendant's equal protection claim].) But we agree with the analysis in *Cervantes* that a substantive due process challenge to section 1170.95 by a defendant convicted of voluntary manslaughter would be unpersuasive, because there is a rational relationship between the objectives of section 1170.95 and the methods chosen to achieve those objectives. (See *Cervantes, supra*, 44 Cal.App.5th at p. 889.)

7

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


                                                                   /s/
                                              BLEASE, Acting P. J.



We concur:



       /s/
DUARTE, J.



       /s/
RENNER, J.